UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:21-CR-54-HAB |
| ) | |
| ADAM WARD ) | |

**OPINION AND ORDER**

Defendant pleaded guilty to a single count of Unregistered Transfer of a Silencer, in violation of 26 U.S.C. §§ 5812 and 5861(e). Despite facing a guideline imprisonment range of 18 to 24 months, Defendant was sentenced to a term of 30 months' probation. (ECF No. 39). Defendant now moves for early termination of his term of probation. (ECF No. 42).

The Court directed the United States Probation Office to file a response to Defendant's motion. (ECF No. 43). The USPO did so. (ECF No. 45). Both the USPO and the Government object to Defendant's request. The USPO notes that Defendant identified three goals at the time of his intake: (1) obtain personal housing; (2) obtain Social Security Disability ("SSD"); and (3) remain sober. Defendant has achieved the third goal, but not the first two. The Government notes the significant sentencing break that Defendant received and argues that further supervision by the USPO will assist Defendant while protecting public safety.

Section 3564 to Title 18 of the United States Code allows a district court to modify or terminate a term of probation "after considering the factors set forth in section 3553(a) . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The Court must undertake an "individualized determination[] based on the applicable statutory criteria." *United States v. Hartley*, 34 F.4th 919, 928-29 (10th Cir. 2022).

Defendant's argument is straightforward: he hasn't violated any terms of his probation. (ECF No. 42 at 1). While that's laudable, it's hardly a reason for early termination—it's the reason his probation hasn't been revoked.

The fact remains that Defendant has not achieved self-sufficiency, either by way of SSD or a job. And financial troubles played a part in his offense conduct. (ECF No. 33 at 5). The Court is sympathetic to the administrative hurdles Defendant has encountered in seeking SSD. But so long as Defendant lacks any kind of income, he can benefit from the services of the USPO.

The Court conducted an individualized assessment of Defendant under 18 U.S.C. § 3553(a) when it sentenced him to 30 months' probation. Defendant has not argued that any of those factors support a reduced sentence now, and the Court does not find a reduced sentence is warranted. Instead, it continues to believe that a term of 30 months' probation is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

For these reasons, Defendant's motion for early termination of his term of probation (ECF No. 42) is DENIED.

SO ORDERED on February 28, 2024.

> s/Holly A. Brady
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT